**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

GAVIN HUNT,

           Plaintiff,

    v.                                           No. 9:14-CV-468 (BKS/CFH)

DAVID FAVRO, Clinton County
Sheriff, et al.,

           Defendants.

---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                             **OF COUNSEL:**

Gavin Hunt
Plaintiff Pro Se
169 Cypress Ave., Apt. 3G
Bronx, New York 10454

Lemire, Johnson & Higgins, LLC        GREGG T. JOHNSON, ESQ.
Attorneys for Defendants                BRADLEY J. STEVENS, ESQ.
2534 Route 9
P.O. Box 2485
Malta, New York 12020

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Gavin Hunt ("Hunt" or "Plaintiff"), who at the relevant time in question was a pretrial detainee in custody at Clinton County Jail, brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, Sheriff David Favro ("Favro"), Major Michael Smith ("Smith"), the Clinton County Jail ("C.C.J."), and the C.C.J. Medical Department violated his

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

constitutional rights by neglecting his medical needs. Dkt. No. 1 ("Compl."). Presently pending is defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P. 56") and for sanctions under Fed. R. Civ. P. 37. Dkt. No. 18. Hunt has not responded to the present motion. Defendants submitted a Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment and For Sanctions following the expiration of Hunt's response deadline. Dkt. No. 20. For the following reasons, it is recommended that defendants' motion be granted in part and denied in part.

### I. Failure to Respond

Hunt did not oppose defendants' motion. "[J]udgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Defendants provided notice to plaintiff of the requirements of the Northern District of New York's Local Rule 7.1(a)(3), which states that "[t]he Court shall deem admitted any properly supported facts set forth in the Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y.L.R. 7.1(a)(3); Dkt. No. 18-16 at 1. The Court also provided notice to plaintiff of the deadline to file a response to defendants' motion, as well as the consequences of failing to file a response. Dkt. No. 19. Because Hunt has failed to raise any question of material fact, such facts as set forth by defendants are accepted as true. See Cusamano v. Sobek, 604 F. Supp. 2d 416, 452-53, 453 n.48 (N.D.N.Y. 2009).

### II. Background

### A. Plaintiff's Version of Events

Plaintiff contends that, on December 24, 2013, he informed the C.C.J. Medical Department that he had broken his left hand. Compl. at 3. Despite his complaints of "a lot" of pain, the nurse gave him only Motrin. Id. He claims that the staff at C.C.J. refused to take him to the hospital, and gave him only Motrin and ice for two months despite his continued complaints of pain and swelling in his hand. Id. After two months, he was taken to the hospital, where he was diagnosed with four broken bones, and had surgery wherein a metal plate was placed in his hand. Id. He states that he now has a metal plate and six screws in his hand because the C.C.J. medical staff neglected his condition. Id.

### B. Defendants' Version of Events

Hunt was booked into C.C.J. on December 24, 2013. Affidavit of Aaron Dragoon ("Dragoon Aff.") ¶ 4. During the initial booking and screening process, Hunt did not report any injuries. Id. ¶ 6.

Hunt was examined by medical staff at C.C.J. on December 30, 2013, at which time he complained about an injury to his left hand that he suffered before his incarceration at C.C.J. Affidavit of Suzanne Kinter ("Kinter Aff.") ¶ 5; Declaration of Bradley J. Stevens ("Stevens Decl.") Exh. A at 3. This was the first occasion where Hunt mentioned that he was experiencing pain in his left hand. Kinter Aff. ¶ 5. The C.C.J. medical staff provided Hunt with Motrin and ice to reduce the swelling and pain that Hunt complained of. Id. The medical staff chose this course of treatment because Hunt "had a full range of motion in his left hand which was a strong indicator of a sprain or bruise rather than a fracture." Id. The

next day, Hunt was examined by non-party Dr. Glenn M. Schroyer. Stevens Decl. Exh. A at 4. Hunt still exhibited a full range of motion in his left hand at this examination. Id.

Over the next four weeks, Hunt submitted multiple medical requests to see a doctor, but failed to mention any pain or issues with his left hand. See Stevens Decl. Ex. A at 5-8, 10-13 (documenting eight separate requests between January 5, 2014 and February 3, 2014 where Hunt requested medical attention for: (1) Hepatitis C testing; (2) difficulty sleeping; (3) a skin condition; (4) review of his blood work; (5) dental work; and (6) an unspecified condition); Dkt. No. 18-16 (Statement of Material Facts) ¶¶ 12-20. Hunt did not request medical treatment for his left hand, or complain about pain in his left hand, until February 14, 2014 during a medical examination with Dr. Schroyer. Kinter Aff. ¶ 8. Dr. Schroyer ordered an x-ray of Hunt's left hand on that date. Stevens Decl Ex. A at 15. The x-ray revealed a fracture of Hunt's left hand. Id.; Kinter Aff. ¶ 9.

Hunt received a surgical consultation from non-party Dr. Marshall at CVPH Medical Center on February 24, 2014. Dkt. No. 18-16 ¶ 26; Stevens Decl. Exh. A at 21-23. Dr. Marshall performed surgery on Hunt's left hand on February 28, 2014. Stevens Decl. Exh. A at 24-25. Hunt was taken to CVPH Medical Center twice more on March 12, 2014 and March 31, 2014 for follow-up visits with Dr. Marshall. Id. at 26-30, 34-35. Hunt's medical records from C.C.F. also indicate that he visited the C.C.F. medical facilities on March 24, 2014 and March 25, 2014 to have his surgical wound cleaned, and the splint and dressing reapplied. Id. at 31.

Hunt was released from C.C.F. to a pretrial program on April 25, 2014. Dkt. No. 18-16 ¶ 34.

**III. Discussion**

In his complaint, Hunt alleges that his constitutional rights were violated insofar as he claims that he was denied medical care. Compl. at 2. Defendants contend that: (1) Hunt has failed to raise a genuine issue of material fact as to his claim of deliberate indifference to his serious medical need; (2) defendants Favro and Smith were not personally involved in the alleged constitutional violations; (3) Hunt failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA");[2] (4) C.C.J. and the C.C.J. Medical Department are not legal entities amenable to suit; (5) Hunt cannot establish a Monell claim against Clinton County; and (6) Hunt's refusal to attend his deposition and failure to comply with the scheduling order of the Court compels the dismissal of his complaint pursuant to Fed. R. Civ. P. 37. Dkt. No. 18-15.

**A. Legal Standard**

A motion for summary judgment may be granted if there is no genuine issue as to any material fact, it is supported by affidavits or other suitable evidence, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a), (c). The moving party has the burden to show the absence of disputed material facts by providing the court with portions of pleadings, depositions, and affidavits which support the motion. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable

---

[2] Because the Court recommends summary judgment on the merits of Hunt's claims, the issue of whether he complied with the PLRA need not be addressed.

inferences drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial, and must do more than show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). For a court to grant a motion for summary judgment, it must be apparent that no rational finder of fact could find in favor of the non-moving party. Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223-24 (2d Cir. 1994).

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit has stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to "special solicitude," . . . that a pro se litigant's submissions must be construed "liberally,". . . and that such submissions must be read to raise the strongest arguments that they "suggest," . . . . At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, . . . or arguments that the submissions themselves do not "suggest," . . . that we should not "excuse frivolous or vexatious filings by pro se litigants," . . . and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . ."

Id. (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

### 1. Claims Against Clinton County Jail and Clinton County Medical Department

Defendants argue that C.C.J. and C.C.J. Medical Department are merely

-6-

subdivisions of Clinton County, and are therefore not separate legal entities amenable to suit. Dkt. No. 18-15 at 23.

Federal courts must look to state law to determine whether a state government entity may be sued. FED. R. CIV. P. 17(b). "Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence." Hoisington v. Cty. of Sullivan, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999); see also DiBlanca v. Town of Marlborough, No. 1:13-cv-1579 (MAD/RFT), 2014 WL 2866341, at *3 (N.D.N.Y. June 24, 2014). It is well-established that jails "are merely administrative arms" of the county they serve. Jones v. Nassau Cty. Corr. Inst., No. 14-CV-1217 (JFB)(GRB), 2014 WL 1277908, at *4 (E.D.N.Y. Mar. 26, 2014).

Here, Hunt names C.C.J. and C.C.J. Medical Department as defendants in his complaint. However, these entities "lack any legal identity apart from" Clinton County. Jones, 2014 WL 1277908, at *4. Therefore, C.C.J. and C.C.J. Medical Department "lack the legal capacity to be sued." Id.

Accordingly, it is recommended that defendants' motion on this ground be granted.

### 2. Personal Involvement

Hunt claims that defendants Favro and Smith violated his constitutional rights by neglecting his medical needs. Compl. at 1-3. Defendants argue that Favro and Smith were not personally involved in the alleged constitutional violations. Dkt. No. 18-15 at 15-16.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)

(additional citations omitted)). Thus, supervisory officials may not be held liable merely because they held a position of authority. Id.; Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). However, supervisory personnel may be considered "personally involved" if:

> (1) the defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (additional citation omitted)). Assertions of personal involvement that are merely speculative are insufficient to establish a triable issue of fact. See e.g., Brown v. Artus, 647 F. Supp. 2d 190, 200 (N.D.N.Y. 2009).

Here, plaintiff has failed to present a genuine issue of material fact as to the involvement of defendants Favro and Smith. Favro contends that he never had any interactions with Hunt during Hunt's incarceration, nor did he receive any complaints from Hunt regarding his medical needs. Affidavit of David Favro ("Favro Aff.") ¶ 6. Smith also contends that he never had any interactions with Hunt and that Hunt never made any direct complaints to him regarding his medical care. Affidavit of Michael Smith ("Smith Aff.") ¶ 7. Favro and Smith also state that neither of them received a grievance from Hunt during his

time at C.C.J.³  Favro Aff. ¶ 7; Smith Aff. ¶ 8.  Further, Hunt fails to allege in his complaint any facts indicating that Hunt or Favro were involved in his medical care.  See Compl.  Indeed, Hunt fails to mention Favro or Smith at all, except for naming them as defendants in the caption of his complaint.  Compl. at 1.  Because Hunt has failed to allege any facts to show that Favro and Smith were involved in his care, summary judgment on the claims against these defendants is proper.  See Burton v. Lynch, 664 F. Supp. 2d 349, 358 (S.D.N.Y. 2009) (dismissing deliberate indifference claims where the plaintiff "alleged no facts whatsoever linking [the defendant] to any alleged denial of medical care").

Accordingly, it is recommended that defendants' motion on this ground be granted.

### 3. Deliberate Indifference Claims

Even if the Court were to find that Hunt has presented a genuine issue of material fact as to the personal involvement of Favro and Smith, his deliberate indifference claims would nonetheless fail.  Hunt has failed to show a genuine issue of material fact as to his claim that the defendants were deliberately indifferent to his serious medical need, for the reasons stated below.

The Due Process Clause provides that "a detainee may not be punished prior to an adjudication of guilty in accordance with due process of law."  Bell v. Wolfish, 441 U.S. 520, 535-36 (1979) (citations omitted).  However, the standards when evaluating a deliberate indifference claim brought by a person in custody are identical no matter whether the claim

---

³ Defendants claim that Hunt failed to exhaust his administrative remedies as to his claims of deliberate indifference to his serious medical needs because he never filed a grievance regarding his medical care.  Dkt. No. 18-15 at 18-19.  Because the Court recommends dismissal of Hunt's claims on the merits, the Court will not address this argument.  See n.2 supra.

is brought under the Eighth or Fourteenth Amendment. Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims . . . should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment."); see also DeShaney v. Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 199–200 (1989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being . . . [including] food, clothing, shelter, medical care, and reasonable safety . . . .") (internal citations omitted). Accordingly, cases analyzed under the Eighth Amendment provide guidance in analyzing claims brought under the Fourteenth Amendment. Therefore, Hunt's deliberate indifference claims will be considered under Eighth Amendment standards.

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (quoting Helling v. McKinney, 509 U.S. 25 (1993)); Wilson v. Seiter, 501 U.S. 294 (1991); Estelle v. Gamble, 429 U.S. 97 (1976)). The Eighth Amendment obligates prison officials to provide necessary medical care to prisoners. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). To state a cognizable claim against prison officials for deliberate indifference to a substantial risk of serious injury, a prisoner must first show the presence of a "serious illness or injury." Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk of harm and failing to take measures to avoid the harm. Farmer, 511 U.S. at 834.

A serious medical condition is determined by factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." Brock v. Wright, 315 F.3d 158, 162-63 (2d Cir. 2003) (citing Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)). The severity of the denial of care should also be judged within the context of the surrounding facts and circumstances of the case. Smith, 316 F.3d at 185.

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." Chance, 143 F.3d at 702. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Farmer, 511 U.S. at 837. Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Gamble, 429 U.S. at 104. "[M]ere disagreement over the proper treatment does not create a constitutional claim" as long as the treatment was adequate. Chance, 143 F.3d at 703. Therefore, "disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim." Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001).

Even if the Court were to find that Hunt's broken hand constituted a serious medical need, his deliberate indifference claim would fail under the second prong of the analysis because he has failed to show that defendants acted with the requisite intent to deny him medical care. Here, defendants have shown that the medical staff at C.C.F. diligently

addressed Hunt's medical needs as they concern his left hand.

The first date on which Hunt complained of pain and swelling in his hand was December 30, 2013, approximately one week after he was first incarcerated at C.C.F. Kinter Aff. ¶ 5. On that date, the medical staff gave Hunt Motrin and ice for his left hand, because the left hand exhibited symptoms of a sprain or bruise, as opposed to a fracture. Id. It is well-established that where a defendant's treatment decision is based purely on medical judgment, the decision and course of action taken by that defendant cannot support a deliberate indifference claim. Hernandez v. Keane, 341 F.3d 137, 146-47 (2d Cir. 2003) (citing Chance, 143 F.3d at 703); Irby v. Frisnia, 119 F. Supp. 2d 130, 132 (N.D.N.Y. 2000) (granting summary judgment where a "misdiagnosis was based on a reasonable, although incorrect, assessment of [the plaintiff's] condition").

Hunt did not complain about any issues with his left hand until approximately six weeks after he first informed the medical staff of his condition. Kinter Aff. ¶ 8. Hunt complained about continuing pain in his left hand on February 14, 2014, which prompted Dr. Schroyer to order x-rays of Hunt's hand that day. Id. ¶¶ 8-9. The x-rays revealed a fracture. Kinter Aff. ¶ 9; Stevens Decl. Exh. A at 15. Hunt had a surgical consultation on February 24, 2014. Dkt. No. 18-16 ¶ 26; Stevens Decl. Exh. A at 21-23. He then had surgery to correct the fracture in his left hand on February 28, 2014. Stevens Decl. Exh. A at 24-25. To the extent that Hunt argues that the medical staff at C.C.F. should have performed an x-ray on his left hand sooner, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." Estelle, 429 U.S. at 107. Further, the record shows that Hunt failed to alert the medical staff that he was continuing to experience pain in his hand, and it is axiomatic that the medical staff cannot treat an ailment

which they do not know exists. Dkt. No. 18-16 ¶¶ 12-20; see Rodriguez v. Westchester Cty. Jail Corr. Dep't, No. 98 Civ. 2743(RPP), 2003 WL 1907963, at *6 (S.D.N.Y. Apr. 17, 2003) (granting summary judgment where the plaintiff failed to provide evidence that he alerted the medical staff to his continued pain after his initial examination).

Accordingly, it is recommended that defendants' motion on this ground be granted.

### 4. Claims Against Clinton County

Defendants argue that, even assuming that Hunt intended to sue Clinton County, he has failed to establish a claim under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). In deference to Hunt's pro se status, the Court will construe his claims as claims against Clinton County and address such claims here.

Under Monell, "'when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[,] [ ]the government as an entity is responsible under § 1983." Walker v. City of N.Y., 974 F.2d 293, 296 (2d Cir. 1992) (quoting Monell, 436 U.S. at 694). In order to state a Monell claim against a municipality based on deliberate indifference, the plaintiff must show that "'the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.'" Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (quoting Kern v. City of Rochester, 93 F.3d 38, 44 (2d Cir. 1996), cert. denied, 520 U.S. 1155 (1997)) (internal quotation marks omitted). However, "a [ ] government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell, 436 U.S. at 694.

Here, Hunt has failed to show that the allegedly inadequate medical care that he

-13-

received was "performed pursuant to a municipal policy or custom[.]" Patterson, 375 F.3d at 226. Hunt cites to no facts of record that create a genuine issue of material fact as to a Monell claim against Clinton County. His complaint names only two individual defendants who were not involved in his medical care. See Compl; Patterson, 375 F.3d at 228 (granting summary judgment on Monell claim that municipality established a policy or custom of discriminating against black corrections officers where the plaintiff named only two persons who made racially offensive comments). Thus, the assertions in Hunt's complaint are insufficient to establish a Monell claim.

Accordingly, it is recommended that defendants' motion on this ground be granted.

### 5. Qualified Immunity

Defendants contend that, in the event that the Court finds that Hunt has raised a genuine issue of material fact as to his deliberate indifference claims, Favro and Smith are entitled to qualified immunity. Dkt. No. 18-15 at 21-23.

Prison officials are entitled to qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Luna v. Pico, 356 F.3d 481, 490 (2d Cir. 2004) (quoting Wilson v. Layne, 526 U.S. 603, 614 (1999)) (internal quotation marks omitted). Because the Court finds that Hunt has failed to establish that his constitutional rights were violated by either Favro or Smith, as they each lack the requisite personal involvement in the alleged constitutional violations, they are each entitled to qualified immunity. See Brandon v. City of N.Y., 705 F. Supp. 2d 261, 274-75 (S.D.N.Y. 2010) (granting qualified immunity to the defendants where the plaintiff failed to show their personal involvement in the alleged constitutional violation).

Accordingly, it is recommended that defendants' motion on this ground be granted.

## IV.  Sanctions Under Fed. R. Civ. P. 37

Defendants seek the dismissal of Hunt's complaint as a sanction under Fed. R. Civ. P. 37(b) and 37(d) for Hunt's failure to appear for his deposition and his failure to comply with the Court's order.  Dkt. No. 18-15 at 11-13.  Because the Court recommends summary judgment on all of Hunt's claims, the Court declines to address whether the imposition of the sanction of dismissal is appropriate under Fed. R. Civ. P. 37.

## V. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion for summary judgment and for sanctions (Dkt. No. 18) be:

1. **GRANTED** as to the Fourteenth Amendment deliberate indifference claims against all defendants; and the qualified immunity claims as to defendants Favro and Smith.

2. **DENIED** as to the imposition of sanctions under Fed. R. Civ. P. 37; and it is further

**RECOMMENDED** that Hunt's complaint (Dkt. No. 1) be dismissed in its entirety; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

DATED:    February 12, 2016
               Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge